# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Leonardo Rozenblum Trosman and
Fabian Elias Rozenblum Gorel                     Chapter 15


            Debtors in a Foreign Proceeding.    Case No.: 21-18199-LMI
_____/

**CONFIDENTIALITY AGREEMENT**

**IT IS HEREBY STIPULATED AND AGREED** by and between the Uruguayan Association of Experts ("AUPE"), represented by Daniel Germán and Gabriel Ferreira ("Foreign Representatives"), the duly appointed liquidator of Leonardo Rozenblum Trosman and Fabian Elias Rozenblum Gorel (the "Debtors"), and non-party subpoena recipient The Bank of New York Mellon and BNY Mellon, N.A., (the "Disclosing Party"), by and through their respective undersigned counsel, that:

1.      The term "Confidential Information" as used in this Agreement means any non-public record, document, thing, or information that is entitled to protection under 11 U.S.C. § 107(b) and is labeled "Confidential" by the Disclosing Party, except as specified in paragraph 7. Notwithstanding anything in this Agreement to the contrary, the designation by the Disclosing Party of information as "Confidential" is intended to facilitate the expeditious production of information requested by the Subpoena and is not (and shall not be construed as) a determination that such information qualifies as confidential under applicable law. Accordingly, this Agreement shall not preclude the Foreign Representatives from requesting the Court in this case, upon notice and opportunity for hearing, to determine that any Confidential Information is not confidential under applicable law.

2. The Foreign Representatives and its counsel shall not use Confidential Information for any purpose other than (a) in the U.S. Chapter 15 Case, (b) in the Debtors' liquidation proceeding pending before the *Juzgado Letrado de Concursos de 2o Turno* in Uruguay (the "Foreign Main Proceeding"), (c) in connection with pending or contemplated litigation, including adversary proceedings, related to or in connection with the U.S. Chapter 15 Case or the Foreign Main Proceeding, and (d) judicial and extra-judicial investigations pursued by the Foreign Representatives (if any) in connection with the liquidation estate of the Debtors (collectively, the "Matter").

3. The Foreign Representatives and its counsel shall not use or disclose Confidential Information to any person or entity, directly or indirectly, for any purpose not directly related to the Matter and shall not voluntarily disclose Confidential Information to any person other than the staff of the Foreign Representatives; retained attorneys, accountants, or advisors of the Foreign Representatives; staff of retained attorneys, accountants, or advisors of the Foreign Representatives; the courts where judicial proceedings related to the Matter are pending and such court's staff; any creditors' committee for the Debtors; and any expert witnesses retained by the Foreign Representatives in connection with the Matter (collectively, the foregoing persons shall be referred to as the "Permitted Persons").

4. Except when not permitted by law or court order, any Party to whom Confidential Information has been furnished who receives from any non-party (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards, or associations) a subpoena or other process that seeks production or disclosure of Confidential Information shall give written notice by e-mail to counsel for the Disclosing Party by the earlier of the business day occurring (a) five (5) business days prior to the date that documents are

required to be produced under the subpoena or other process or (b) ten (10) business days after actual service of the subpoena or other process. The term "business days" used in this paragraph means days on which the courts are open in the jurisdiction in which the subpoena or other process is issued. The written email notice shall be sent to all the email addresses in the signature block of this Agreement and shall include a copy of the subpoena or other process. If the Disclosing Party informs the Foreign Representatives that the Disclosing Party will take action to maintain the confidentiality of the Confidential Information, the Foreign Representatives shall refrain, to the extent legally permissible under the law governing the subpoena or other process, from disclosing the Confidential Information until the Disclosing Party's efforts are resolved.

5. In the event the Foreign Representatives seeks to file any document containing Confidential Information with any court or tribunal in any jurisdiction, the Foreign Representatives shall request that the Confidential Information be filed and maintained under seal, redacted from any public filing, or otherwise protected in accordance with the law applicable in that court or tribunal. The Foreign Representatives has no obligation to withdraw from a court file any document containing Confidential Information for which the court or tribunal denies or later revokes such protections.

6. If and to the extent the Foreign Representatives is required to disclose Confidential Information for purposes directly relating to the Matter to any person or entity other than the Permitted Persons, the Foreign Representatives shall first seek a written agreement from such person or entity that such person or entity will treat the documents as Confidential in accordance with this agreement. If such person or entity refuses to provide such an agreement, the Foreign Representatives shall not provide or make available to such person any Confidential Information.

7. The Foreign Representatives and the Disclosing Party agree that the obligations embodied herein shall not apply to information already in the public domain, or already in the possession of the Foreign Representatives or its counsel, consultants, or experts, or obtained from a third party not under any obligation of confidentiality.

8. Notwithstanding anything in this Agreement to the contrary, the designation by the Disclosing Party of information as "Confidential" is intended to facilitate the expeditious production of information requested by the Subpoenas and is not (and shall not be construed as) a determination that such information qualifies as confidential under applicable law. Accordingly, this Agreement shall not preclude the Foreign Representatives from requesting the Court in this case, upon notice an opportunity for hearing, to determine that any Confidential Information is not confidential under applicable law.

9. The obligations under this Agreement shall survive the termination of the Matter or the enforcement proceedings related to the Matter, and continue to bind the Foreign Representatives and the Disclosing Party.

10. Nothing in this Agreement shall affect the Disclosing Party's current or future objections to the Subpoenas, or any rights with respect to the Subpoenas or otherwise. All such rights are reserved and not waived.

11. If the Disclosing Party gives notice to the Foreign Representatives that certain produced material was inadvertently produced and is subject to a claim of privilege, work product, or other protection or immunity, such inadvertent production shall not be deemed a waiver of privilege, work product, or other immunity, and the obligations of the Foreign Representatives shall be as set forward in Fed. R. Civ. P. 26(b)(B).

12.     If the Disclosing Party gives notice to the Foreign Representatives that certain produced material was inadvertently produced without a confidentiality label, such inadvertent production shall not be deemed a waiver of confidentiality, and the obligations of the Foreign Representatives shall be to treat such material as Confidential Information under this Agreement beginning on the date such notice is received.

13.     This stipulation may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document. Copies of or electronic signatures shall have the same force and effect as original signatures.

14.     This Agreement shall be governed by, and construed and interpreted in accordance with, the law applicable in the State of Florida without regard to conflict of law provisions that may call for the application of foreign law. Any action or proceeding related in any way to this Agreement shall be brought in the United States Bankruptcy Court for the Southern District of Florida, and all Parties consent to its jurisdiction for this purpose.

Dated: January 3, 2022

By: _*Carolina Goncalves*_

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Edward H. Davis, Jr.
Fla. Bar No.: 896667
edavis@sequorlaw.com
Carolina Z. Goncalves
Fla. Bar No.: 124570
cgoncalves@sequorlaw.com

*Counsel for the Foreign Representatives*

By: /s/ *Christopher J. Soller*

The Bank of New York Mellon and BNY Mellon, N.A.
500 Grant Street, Suite 1915
Pittsburgh, PA 15258
Telephone: (412) 234-7847
Christopher J. Soller
Christopher.soller@bnymellon.com

*Counsel for The Bank of New York Mellon and BNY Mellon, N.A.*

5